IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ORLANDO FORD,
        Plaintiff,

v.                               No: 3:06cv366/LAC/MD

MICHAEL J. ASTRUE,
Commissioner of Social Security,
        Defendant.

---

## REPORT AND RECOMMENDATION

Plaintiff applied for Supplemental Security Income benefits in 2002.  His application was denied initially and on reconsideration.  After a hearing, and Administrative Law Judge (ALJ) denied relief, finding that plaintiff was not disabled as defined in the Social Security Act, 42 U.S.C. § 416(I).  Plaintiff filed a Request for Review of the ALJ's decision with the Appeals Council, but the Appeals Council ruled that the request was not timely, and further found that there was no good cause for extending the time for filing (tr. 4-5).  As a result, the unfavorable decision rendered by the ALJ is final.  Plaintiff asks this court to reverse the Appeals Council and direct it to allow the Request for Review to proceed.

## STANDARD OF REVIEW

The Commissioner's regulations provide that a claimant can request appellate review of an ALJ decision after the 60 day deadline has passed if he can show good cause for missing the deadline  20 C.F.R. § 416.1411.  In determining whether good

cause has been shown, the Appeals Council considers, among other reasons, the claimant's failure to receive notice of the ALJ's decision.  20 C.F.R. § 416.1411(b)(7).  Here the Appeals Council found that no good cause had been shown.  This decision is reviewable under 42 U.S.C. § 405(g), since it represents a final decision of the Secretary on this issue.  *See Waters v. Massanari,* 184 F.Supp.2d 1333, 1339 (N.D.Ga. 2001).  "The Eleventh Circuit is [the] only federal circuit which grants judicial review of the Appeals Council's dismissal of an untimely request for review." *Id.*   In conducting such a review, this court is limited to considering whether the refusal by the Appeals Council to extend the time for requesting review was unreasonable or arbitrary, ie., whether the agency abused its discretion.  *Id. (citing Langford v. Flemming,* 276 F.2d 215, 218-19 (5th Cir. 1960)).[1]

## BACKGROUND

Plaintiff here argues that good cause was shown for his failure to make a timely request for review because neither he nor his counsel received a copy of the ALJ's decision until nearly sixteen months after it was entered.  The problem stems from both plaintiff and his attorney having changed addresses during the relevant time, and the fact that the ALJ's decision was sent to old addresses.  Since both plaintiff and his attorney changed addresses, and for the sake of simplicity, their respective addresses will be referred to herein as either "old" or "new," as appropriate.

The official administrative record contains scant background information.  Plaintiff has supplemented the record, without objection from the Commissioner, to fill in relevant facts.  These sources show the following time-line:

- 6/11/2003    Hearing before the ALJ.

- 8/19/2003    Letter from the ALJ to plaintiff at his NEW address, copy

---

[1]All cases from the former Fifth Circuit handed down by the close of business on September 30, 1981, are binding on the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc

to counsel at her OLD address, informing plaintiff that he has a scheduled consultative appointment.

- 11/29/2003   Letter from Florida Department of Health to plaintiff at NEW address, copy to counsel at OLD address, reminding plaintiff of his scheduled appointment. Plaintiff subsequently appeared for the appointment.

- 2/23/2004   ALJ's decision on the merits, mailed to plaintiff and counsel at their OLD addresses.

- 8/11/2005   Letter from counsel on NEW address letterhead inquiring on status of case.

- 8/12/2005   Envelope from Mobile office of ALJ is "RECEIVED" at same office.  The envelope bears no postage, and is marked RTN TO SENDER/UNABLE TO FORWARD.

- 8/15/2005   Meter date-stamped envelope mailed from ALJ to counsel at her NEW address.  Inside is the unopened envelope referred to immediately above, which contains a copy of the 2/23/2004 ALJ decision.

- 8/25/2005   Counsel requests review by the Appeals Council and permission to proceed with untimely appeal.

- 6/26/2006   Appeals Council dismisses appeal as untimely, and finds no good cause for untimely filing.


### DISCUSSION

The Appeals Council gave four reasons for finding no good cause: (1) the decision was mailed to the addresses provided by plaintiff and counsel when the request for hearing was filed, (2) no earlier change of address notices had been received, (3) the record does not show that any copy of the ALJ decision was returned by the Postal Service, and (4) the case was not actively pursued, since the appeal was initiated more than eighteen months after the ALJ's decision (tr. 4).

Plaintiff's counsel contends that the Appeals Council's decision was not

supported by the record, and that good cause was shown for failure to file a timely appeal.  She points to the ALJ's apparent error in mailing his decision to both plaintiff and counsel at their old addresses.  Since the post-hearing notices concerning plaintiff's consultative examination were mailed to his new address, it is clear that the ALJ had the plaintiff's new address on file somewhere.  Plaintiff's counsel further contends that the Appeals Council erred in finding that there was no evidence that the decision was returned by the Postal Service, since the envelope "received" by the ALJ's office on August 12, 2005 was obviously returned.

Although plaintiff's argument has some appeal, it must fail.  First, the record before this court, even as supplemented by counsel, does not show that the Commissioner was ever officially notified of any change of address, either of the plaintiff or of his counsel.  The Regulations place an affirmative duty upon claimants and their representatives to report changes in residence or mailing address.  See 20 C.F.R. § 416.708(a).  The ALJ apparently knew of plaintiff's new address, but nowhere does it appear that he knew that counsel had moved her office.  Significantly, counsel does not tell this court that she had informed the Commissioner of her change of address.  The Regulations provide that a notice sent to counsel has the "same force and effect" as if it had been sent to the plaintiff.  20 C.F.R. § 416.1515(b).  Thus, even if the ALJ's decision was sent to plaintiff at an old, incorrect address, it was sent to counsel at her address of record.  The record does not reflect at what point counsel moved her office.  If she moved after the ALJ's decision was mailed, then she presumably received it.  If she changed her address before the ALJ's decision was mailed, she has not shown that she informed anyone of her change of address.  Clearly, it is incumbent on counsel to keep the Commissioner apprised of her current address. 20 C.F.R. § 416.1540(b)(3) (providing that counsel must faithfully execute their duties as agents and fiduciaries of a party).  Thus, without the return of the two copies of the ALJ's decision by the Postal Service, nothing would have alerted the ALJ that there was a problem.

Case No: 3:06cv366/LAC/MD

On this latter issue plaintiff attempts to show that a copy of the decision was indeed returned, and it appears that one was.  However, it was returned in August 2005, some sixteen months after the decision was mailed.  While plaintiff's attorney argues that this was the notice sent to her by the ALJ on February 23, 2004, the Commissioner suggests an alternate explanation.  On August 11, 2005, plaintiff's counsel requested that the ALJ send her a copy of the February 2004 decision.  The ALJ apparently placed a copy of that decision in an envelope addressed to counsel at her new address.  However, the next day, the envelope was returned to the ALJ as undeliverable, in all likelihood because it did not bear any postage.  It was re-mailed on August 15, 2005.  There being a logical explanation for the "return" of the February 2004 order 16 months after the fact, and there being no evidence of any earlier return, there is substantial record evidence for the Appeals Council's determination that no copies of the original decision were returned by the Post Office.

Based on a review of the record, as supplemented, this court cannot say that the Appeals Council abused its discretion in finding that there was no good cause for the plaintiff's failure to seek review in a timely manner.  Accordingly, it is respectfully RECOMMENDED that the decision of the Commissioner be AFFIRMED, that this action be DISMISSED and that the clerk be directed to close the file.

At Pensacola, Florida this 12th day of December, 2007.


/s/ *Miles Davis*

**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).**

*Case No: 3:06cv399lacmd*